IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PABLO MATOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-295 Erie |
| ) | JUDGE SEAN McLAUGHLIN |
| JAMES F. SHERMAN, Warden, ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed.

II.  **REPORT**

Pablo Matos is a federal prisoner who asserts that his federal sentence, imposed on January 14, 2000, was improperly imposed to run consecutively to a prior state sentence. The Government has responded to the petition (Docket #8). The Government interprets Matos' petition as asserting two claims. In addition to the challenge to the imposition of the federal sentence, the Government discerns a claim by Matos that he has been denied credit towards his federal sentence. A plain reading of Petitioner's filing does not find such a claim. Grounds One, Two and Three of the petition each address Matos' position that the federal sentencing court erred in imposing its sentence consecutive to a non-custodial state sentence (Docket #1, p. 4). Although, Matos does argue that if this purported error is recognized, his sentence would be computed differently, the sole basis for relief raised by Matos is that the federal sentence court imposed an illegal sentence. The petition is now ripe for disposition.

1.   **Procedural history.**

Petitioner Matos was convicted of bank robbery in the United States District Court for the Middle District of Pennyslvania, and sentenced on January 14, 2000, to a term of 84 months

imprisonment (Docket #8, Exhibit A at ¶3(j)).  The court directed that this sentence be served consecutively to the state sentence Matos was then serving (Id.).  On February 13, 2004, Matos filed a motion seeking a reduction of sentence on the basis that the sentencing court erred in imposing a sentence consecutive to his state court sentence (Docket #1, p. 3).  The trial court denied the motion as lacking merit and, in the alternative, as being time-barred (Unmarked Exhibit to Docket #1, April 13, 2004 order from the United States District Court for the Middle District of Pennsylvania).  Matos now files the instant petition for writ of habeas corpus pursuant to §2241, and raises the same claims he presented to the sentencing court.

    **2.**    **Legality of federal sentence.**

A challenge to Matos' federal conviction must be made pursuant to §2255, and must be filed in the court which imposed the sentence. 28 U.S.C. §2255; Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir.2000) ("Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court.").  Indeed, he did just this, and asserted that his federal sentence was improper for the same reasons he now advances by way of his §2241 petition (Docket #1, p. 2).  Here, the sentencing court is the United States District Court for the Middle District of Pennsylvania, and that court has already denied Matos' claims concerning the legality of his sentence.  This court, accordingly, lacks jurisdiction over any claims contesting the legality of the federal sentence which Matos is now serving, even though Matos is serving that sentence within this judicial district.

Matos styles this as a petition under § 2241, but makes no claim which could arguably be seen as a proper subject of such a petition. See Hernandez, supra; Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997)(motion under § 2241 generally challenges the execution of the federal prisoner's sentence, including such matters as the computation of the sentence, prison disciplinary actions, transfers, and imprisonment conditions).  Matos' claim that the federal sentencing court committed error is not a matter which can be raised in § 2241 petition.

There is a limited exception whereby a § 2241 petitioner may present claims attacking his conviction where the remedy under § 2255 is "inadequate."  Here, however, Matos has presented his claim to the sentencing court, and his claim was denied both on the merits and as being untimely.  Matos has, accordingly, failed to establish the inadequacy of the § 2255 remedy.  Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002)(remedy is not "inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255" and the exception is not meant to be a means for avoiding procedural requirements.).

This court lacks jurisdiction to address petitioner's claim that the sentencing court committed error in imposing a consecutive, as opposed to a concurrent, sentence.

### 3. Certificate of Appealability.

A certificate of appealability may be granted to a habeas petitioner who makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  This requirement, however, is not applicable to § 2241 petitions. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. §2253(c)(1)(B).

### **CONCLUSION**

Wherefore, on the basis of the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER

3

                                                                                  CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2006

cc:      The Honorable Sean J. McLaughlin
          United States District Judge

          Pablo Matos, 09749-067
          FCI McKean
          P.O. Box 8000
          Bradford, PA 16701

          Christy Criswell Wiegand, Esquire
          United States Attorney's Office
          700 Grant Street, Suite 400
          Pittsburgh, PA 15219